UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVING LIFE REAL ESTATE, LLC,<br>　　　　Plaintiff,<br>　　v.<br>JORGE BOTTO, et al.,<br>　　　　Defendants. | Case No. 19-cv-01382-EMC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO REMAND CASE TO STATE COURT**<br><br>Docket No. 5 |

Pending before the Court is Judge Westmore's report and recommendation ("R&R") to remand this unlawful detainer action to state court for lack of subject matter jurisdiction. *See* Docket No. 5. Defendant Jorge Botto, who removed the case, filed a timely objection to the R&R on April 3, 2019. For the reasons discussed below, the Court finds the objection to be without merit.

The R&R recommended that this case be remanded because as stated in Judge Westmore's well-reasoned R&R and below, it does not present a federal question. R&R at 3. As Judge Westmore explained, although Mr. Botto claims that the unlawful detainer action "affects his 'federally secured rights guaranteed by 42 U.S.C. §§§ 1981, 1982 and 1983 [and] the First, Fifth, Seventh, Ninth, and Fourteenth Amendments,'" he has "not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law." *Id.* (quoting Docket No. 1 (Notice of Removal) at 1). Furthermore, his assertion that the unlawful detainer action violated the Protecting Tenants at Foreclosure Act ("PTFA") is unavailing because "a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal." *Id.* (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009)).

Mr. Botto's objection raises two arguments against remand. First, citing various alleged procedural deficiencies in Plaintiff's unlawful detainer complaint, Mr. Botto contends that the "complaint could never meet the well-pleaded complaint rule as it is devoid of all elements of a Non-Judicial foreclosure matter." Objection at 3. However, the "well-pleaded complaint" requirement does not mean a complaint has to be procedurally proper. Rather, it means that "a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983)) (alterations in original). The R&R properly cited the well-pleaded complaint rule to explain that Mr. Botto's argument regarding the PTFA does not create federal question jurisdiction because it functions as a defense. The fact that Plaintiff's complaint may be deficient does not give rise to federal question jurisdiction.

Mr. Botto's second argument is that subject matter jurisdiction exists under 28 U.S.C. § 1443(1). Objection at 3–4. Section 1443(1) provides for the removal of any case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." A petitioner must satisfy a two-part test to remove a case under § 1443(1): "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (citations omitted). As to the second prong, "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Georgia v. Rachel*, 384 U.S. 780, 804 (1966).

1  Mr. Botto's claim fails on the second prong. He asserts, in conclusory fashion, that "Plaintiff used the Non Judicial state law preventing [Botto] from raising his federal claims in state court," and that he cannot enforce in state court "his right as a Mexican national to equal civil rights of all citizens of the United States." Objection at 4. But he does not identify any particular California state law or constitutional provision that denies him the opportunity to vindicate his civil rights in state court. Nor do his "vague allegations . . . give rise to 'an equally firm prediction' that [his situation] presents the 'unusual case' in which federal rights will be denied or left unprotected in state court." *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641 GAF CMX, 2012 WL 1193613, at *3 (C.D. Cal. Apr. 9, 2012) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Accordingly, Mr. Botto has not met his burden of establishing that subject matter jurisdiction exists under § 1443(1).

The Court therefore **OVERRULES** Mr. Botto's objection and adopts the R&R as the order of the Court. The action is hereby **REMANDED** to the Napa County Superior Court. The Clerk of the Court is ordered to close this matter and return the case to the Napa County Superior Court.

This order disposes of Docket No. 5.

**IT IS SO ORDERED**.

Dated: May 1, 2019

_____
EDWARD M. CHEN
United States District Judge

3